# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TRACY HUA, *et al.* | : CIVIL ACTION |
|---|---|
| v. | : NO. 17-1457 |
| LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-7N, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**  September 25, 2017

After losing a trial in the state court and an earlier case here, two real estate borrowers now again sue their lenders after defaulting on a mortgage on their investment property. They challenged the default and foreclosure judgment before the state court. Though displeased with their losses, they did not appeal in the state courts. Instead, they filed here in 2015 and our colleague Judge Savage dismissed their duplicative claims. After returning to state court and obtaining multiple delays, the Sheriff sold their investment property earlier this year. They now return to us again challenging conduct after the state court judgment although almost all of their facts are resolved by the 2014 final state court judgment addressed by Judge Savage. Their "new" statutory claims, even if allegedly based on conduct after Judge Savage dismissed their first case, are barred as a matter of law because their statutory claims are limited to residential property, not investment property. They also fail to allege a breach of contract or racketeering claim not otherwise barred by *res judicata*. In the accompanying Order, we grant the lenders' motion to dismiss but grant the real estate borrowers one last leave, if possible in good faith, to plead a breach of contract or racketeering claim arising after the 2014 judgment with specificity.

## I. Facts

Plaintiffs Tracy Hua and Chi Hung Mu signed a $96,000.00 promissory note secured by a mortgage on their investment real property in Philadelphia (the "Property").[1] Defendant Countrywide Bank, FSB ("Countrywide") originated the loan.[2] The mortgage named Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), the nominee for lender Countrywide, as the mortgagee.[3] The property owners admit the Property is not their primary residence.[4]

Hua and Mu made timely mortgage payments until February 2011.[5] Hua and Mu dispute the timing of default, and allege they contacted "Defendants" for a loan modification.[6] In June 2011, MERS assigned the mortgage to Defendant U.S. Bank National Association ("U.S. Bank") as Trustee for the "Certificateholders of XS 2007-7N Trust Fund."[7]

Hua and Mu continued to contact "Defendants" to work out a loan modification and "Defendants" represented "it" would extend a loan modification if Hua and Mu submitted an application and documents.[8] Hua and Mu timely submitted loan modification applications and supporting documents, but "Defendants" failed to respond for nearly six years.[9] "Defendants" most recently denied Hua and Mu's loan modification application on March 1, 2017 "for the sole reason that the property was not a primary residence . . . [a] fact well known at the start of the application process."[10] Hua and Mu allege "Defendants" should not have required submission of new loan modification applications when "Defendants had no intention of working in good faith" or "any intention to modify the loan, but just sought to accrue additional late fees, arrearages and other costs including exorbitant attorneys [sic] fees."[11]

On April 24, 2012, U.S. Bank filed a complaint in foreclosure against Hua and Mu in the Philadelphia County Court of Common Pleas.[12] In January 2013, Defendant Bank of America,

N.A. as the attorney-in-fact for U.S. Bank, assigned the mortgage from one Lehman entity to the other.[13] Hua and Mu challenge these mortgage assignments, arguing there is a "missing link" in the assignment from Countrywide to MERS and in the second assignment to U.S. Bank and complain the address for the assignee on the January 2013 assignment is not U.S. Bank, but Defendant Specialized Loan Servicing, LLC.[14]

After a June 2014 trial, the Philadelphia County Court of Common Pleas entered an *in rem* judgment order on July 2, 2014 in favor of U.S. Bank and against Hua and Mu for approximately $135,816 plus interest and other costs and charges collectible under the mortgage for foreclosure and sale of the Property.[15] Hua and Mu did not appeal from the judgment order.

On October 30, 2014, the Court of Common Pleas issued a writ of execution on the Property.[16] Less than a month later, Hua sued U.S. Bank and other defendants in this District.[17] Hua argued the same facts alleged here constituted violations of the Fair Debt Collections Practices Act ("FDCPA")[18] and sought "actual damages in the amount of value" of the Property and other damages. Judge Savage dismissed Hua's action under the *Rooker-Feldman* doctrine, finding Hua complained of injury caused by the state court foreclosure judgment: "To grant Hua relief, we would have to reject the state court judgment. After a trial, judgment was entered against her. The state court determined that the mortgage was in default and assessed the amount owed. It also concluded that the mortgage was valid and the plaintiff, Lehman XS, with U.S. Bank as trustee, had the right to foreclose on the mortgage. We cannot review the state court judgment. Nor can we reject it. . . . ."[19]

Hua then returned to state court with a "motion to strike pleading" – presumably the complaint in foreclosure - which the state court denied on February 3, 2015.[20] U.S. Bank again filed a writ of execution and Hua and Mu filed an emergency motion to postpone the Sheriff's

3

sale.[21] After the state court held a hearing, it granted Hua and Mu's motion and postponed the Sheriff's sale until August 2, 2016.[22]

After U.S. Bank filed writs of execution in December 2016 and March 2017, the Philadelphia County Sheriff listed the Property for sale on April 4, 2017.[23] On March 27, 2017, Hua and Mu petitioned the state court to open the judgment and postpone the Sheriff's sale. After holding a hearing on the petition to open judgment, the state court denied the motion on March 30, 2017.[24]

Having lost again in the state court, Hua and Mu decided to try their luck here and sued again on March 31, 2017 followed by an *ex parte* motion for temporary restraining order and emergency injunctive and declaratory relief seeking to stay the Sheriff's sale.[25] Judge O'Neill applied *Younger* abstention and denied the motion for temporary restraining order, emergency injunctive and declaratory relief.[26]

The Sheriff sold the Property on April 5, 2017. On May 10, 2017, Hua and Mu moved to set aside the Sheriff's sale and to re-open the case in the state court. The Court of Common Pleas denied the motion.[27] Hua and Mu did not file an appeal from this order either. As pleaded, the state court action is over. We now review Hua and Mu's "new" cloaking of facts to state claims: Fraud Stemming from Violation of Regulation Z (Count 1); Fair Debt Collection Practices Act (Count 2); Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (Count 3); Breach of Contract (Count 4); Wire Fraud (Count 5); and Violation of Real Estate Settlement Procedures Act (Count 6).

**II. Analysis**

U.S. Bank, Bank of America, and MERS move to dismiss Hua and Mu's complaint under Rule 12(b)(1)[28] and 12(b)(6)[29] arguing: the action is barred by the *Rooker-Feldman* doctrine and

4

the *res judicata* effect of the state court action; there are no allegations against Countrywide and MERS in the complaint; allegations of fraud in violation of Regulation Z, the implementing regulation for the Truth in Lending Act ("TILA"), fail to meet Federal Rule of Civil Procedure 9(b); the Fair Debt Collection Practices Act, ("FDCPA"), Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"),and the Real Estate Settlement Procedures Act ("RESPA") and breach of contract claims are insufficiently pleaded; the Racketeer Influenced and Corrupt Organizations Act ("RICO") wire fraud claim lacks the requisite elements and specificity; and RESPA, FDCPA, and UTPCPL do not apply to commercial transactions.

Hua and Mu's response addresses only the *res judicata* and *Rooker-Feldman* arguments. They do not oppose the remaining arguments challenging whether they state a claim. Our examination of all the claims compels we grant Defendants' motion to dismiss without prejudice.

### A. The *Rooker-Feldman*[30] doctrine deprives us of jurisdiction over all claims relating to the state court judgment.

The *Rooker-Feldman* doctrine prohibits federal courts from exercising jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[31] Our court of appeals emphasizes the "narrowness of the doctrine" and distinguishes "between injuries caused by the state-court judgment and those brought about by the defendants' actions."[32]

Four elements are required to apply the *Rooker-Feldman* doctrine: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."[33] The "critical question" is whether Hua and Mu are state-court losers complaining of injuries caused by the *in*

*rem* judgment order rendered by the state court before the filing of the instant action and asks us to review and reject the judgment.[34]

Applying the *Great Western* test, we conclude Hua and Mu's claims based on conduct before the state court judgment, except the RESPA claims to the extent allegations are based on conduct after the July 2014 judgment, are barred by *Rooker-Feldman*. The first and third elements are easily met; Hua and Mu lost in state court when the state court entered the July 2, 2014 *in rem* judgment in foreclosure against them and the state court judgment pre-dates the filing of this case. Judge Savage already told them of this principle. Our focus, then, is on the second and fourth requirements described by our court of appeals as "the key to determining whether a federal suit presents an independent, non-barred claim."[35]

The complaint alleges the lender violated state common law and federal statutes. Although they appear to again challenge default, Hua and Mu plead they contacted Defendants to work out a loan modification on the Property and Defendants represented they would extend a loan modification contingent on Hua and Mu filling out the appropriate applications. Hua and Mu submitted loan modification applications, but Defendants never responded for over six years and ultimately denied their applications, most recently on March 1, 2017 – three years after the foreclosure judgment.[36] Hua and Mu allege Defendants never intended to modify the loan and only engaged in loan modification discussions to run up late fees, arrearages, costs, and attorney's fees. Hua and Mu allege they requested, but were denied, accounting statements and payment histories to resolve questions surrounding the amount of monthly payments; challenge the validity of the mortgage assignments; and challenge Defendants' standing to proceed with the foreclosure and Sheriff's sale. At bottom, Hua and Mu allege they "should have received a loan modification offer to deal with the impending foreclosure sale however, that offer was

denied for improper reasons and now Defendants refuse give [sic] Plaintiffs a chance to modify based on improper reasons."[37]

Hua and Mu plead Defendants denied their loan modification application on March 1, 2017, nearly three years after the foreclosure judgment, and seek damages for violations of RESPA and other federal statutes and common law. In opposition to Defendants' motion, Hua and Mu do not provide authority or argument on the *Rooker-Feldman* doctrine other than on the RESPA claims, block quoting a long passage from a recent New Jersey district court opinion finding *Rooker-Feldman* is not a bar to the court's jurisdiction.[38]

Our court of appeals cautions we should not apply the *Rooker-Feldman* doctrine too broadly in dismissing claims.[39] We conclude the *Rooker-Feldman* doctrine does not bar our jurisdiction except as to allegations Defendants denied Hua and Mu accounting statements and payment histories to resolve questions surrounding the amount of monthly payments and challenges to the validity of the mortgage assignments and Defendants' standing to proceed with the foreclosure and Sheriff's sale. Claims based on these allegations challenge the validity of the July 2014 state court foreclosure judgment. Although their claims are cast as violations of various federal statutes and a breach of contract claim, they are based on the foreclosure judgment and resulting Sheriff's sale and ask us to reject the state court judgment. The *Rooker-Feldman* doctrine precludes our review and rejection of the state court judgment. The remaining claims not barred by the *Rooker-Feldman* doctrine are those alleging Defendants violated RESPA by failing to respond to Hua and Mu's loan modification applications; representing they would extend a loan modification if Hua and Mu submitted applications and documents; and failing to respond to Hua and Mu's loan modification applications for nearly six years.[40]

7

Hua and Mu additionally argue the *Rooker-Feldman* doctrine does not apply where they allege fraud on a state court, citing the Court of Appeals for the Ninth Circuit decision. Even if Hua and Mu sufficiently pleaded fraud on a state court, our court of appeals has not applied the fraud exception to the *Rooker-Feldman* doctrine. Chief Judge Stengel recently analyzed the case law from our circuit and other circuits, including the Ninth Circuit's exception, and district courts within this district. Chief Judge Stengel concluded the case law on the fraud exception appears to be against application, and declined to apply the fraud exception to the *Rooker-Feldman* doctrine.[41] We agree with Chief Judge Stengel. We see no reason to depart from this conclusion and will not apply the fraud exception.

### B. *Res judicata* also bars all claims decided in the state court judgment.

Defendants argue *res judicata* bars all claims previously litigated in the state court foreclosure action. A claim may be precluded under the *res judicata* doctrine if: " (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."[42] The doctrine applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action."[43] Most, if not all, of Hua and Mu's complaint is based on Defendants' alleged improper conduct in the foreclosure process. All of these issues are over in the state court resulting in a final judgment. Hua and Mu could have raised their current claims challenging the foreclosure process in the state court action. *Res judicata* bars Hua and Mu from relitigating their claims in this Court.

### C. Even if *Rooker-Feldman* and *res judicata* did not apply, Hua and Mu fail to state a claim.

Even if we do not apply *Rooker-Feldman* or *res judicata*, Hua and Mu's complaint fails to adequately state claims under Rule 12(b)(6). We address each claim in turn noting Hua and Mu failed to respond to Defendants' 12(b)(6) arguments on each of their six claims.

#### 1. Claims under TILA, RESPA, FDCPA, and Pennsylvania's UTPCPL do not apply to this business or commercial transaction.

Hua and Mu bring claims under Regulation Z of TILA, Regulation X of RESPA, the FDCPA, and Pennsylvania's UTPCPL. Hua and Mu concede the Property is not their personal residence, and do not dispute the assignment of rents deletes the occupancy clause of the mortgage.[44]

TILA protects consumers in credit transactions.[45] The term "consumer" in a credit transaction is "one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes."[46] Exempted from TILA are "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes...."[47] Like TILA, RESPA does not apply to "credit transactions involving extensions of credit . . . primarily for business, commercial, or agricultural purposes ...."[48]

The business purpose exemption of Regulation X, implementing RESPA, is interpreted under Regulation Z, TILA's implementing regulations. Regulation X provides: "RESPA and this part apply to federally related mortgage loans" except where exempted.[49] Exemptions include "business purpose loans" defined as "an extension of credit primarily for a business, commercial, or agricultural purposes, as defined by 12 CFR 1026.3(a)(1) of Regulation Z. Persons may rely on Regulation Z in determining whether the exemption applies."[50] The Official Staff

Interpretations of Regulation Z pertaining to exempt transactions deems non-owner-occupied rental property for business purposes: "Credit extended to acquire, improve, or maintain rental property (regardless of the number of housing units) that is not owner- occupied is deemed to be for business purposes."[51]

Similarly, the purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors...."[52] The statute defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."[53] "Collection of commercial debt 'is beyond [the Act's] coverage.'"[54]

Hua and Mu's claim under Pennsylvania's UTPCPL is based on the same allegations relied on to support violations of TILA, RESPA, and the FDCPA. Hua and Mu allege Defendants failed to provide them with accounting statements and payment history and fraud in connection with the loan modification applications. Hua and Mu fail to state a claim under the UTPCPL.[55] Pennsylvania's UTPCPL provides for a private right of action to recover actual damages to "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful" by the act.[56]

Hua and Mu plead they are residents of New Jersey and the financed Property "was not a primary residence." RESPA, TILA, FDCPA, and UTPCPL do not apply to Hua and Mu's loan, and we grant Defendants' motion to dismiss the statutory claims.

### 2. Hua and Mu do not allege breach of contract.

Hua and Mu bring a breach of contract claim. To state a claim for breach of contract under Pennsylvania law, a plaintiff must establish: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages."[57]

These claims challenge conduct before the 2014 judgment. To the extent there is a separate claim after the state court trial and foreclosure judgment based on a new contract, Hua and Mu allege only Defendants breached the "contractual terms of the loan/note by engaging in deceptive and fraudulent practices" and Hua and Mu requested Defendants provide them with accounting statements and payment histories. These claims are dismissed to the extent they relate to the loan and note in existence before the 2014 judgment. If there is a new contract, they must allege its terms, breach and damages. Hua and Mu fail to allege the essential terms of this new contract, Defendants' breach of any duty imposed by the contract, and resulting damages. The breach of contract claim is dismissed without prejudice.

### 3. Hua and Mu do not allege racketeering.

Hua and Mu allege Defendants used electronic transmissions to "engage in deceptive and fraudulent practices, to wit: the deceptive, fraudulent and unlawful taking, theft and attempted conversion of Plaintiffs' property" in violation of RICO, including one of its predicate offenses of wire fraud.[58] Hua and Mu allege Defendants represented they would extend a loan modification and requested applications and documents by use of electronic means but never intended to extend a loan modification.

To state a civil RICO claim,[59] a plaintiff must allege "a 'person' employed by or associated with an enterprise engaged in . . . '(1) conduct (2) of an enterprise (3) through a

11

pattern (4) of racketeering activity.'"[60] Racketeering activity includes wire fraud, and a "pattern of racketeering activity requires at least two acts of racketeering."[61]

Where a plaintiff relies on fraud, including wire fraud, as the basis for a RICO violation, it must be pleaded with particularity required by Federal Rule of Civil Procedure 9(b). Rule 9(b) requires a plaintiff "state with particularity the circumstances constituting fraud."[62] Plaintiffs satisfy Rule 9(b)'s particularity requirement "by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud'" and "also must allege who made a misrepresentation to whom and the general content of the misrepresentation."[63]

Hua and Mu's fail to allege date, place, or time of any post-2014 wire fraud. We have no idea of the enterprise required under RICO. Hua and Mu simply allege "on various" unidentified "occasions," "Defendants indicated" it would extend a loan modification; there are no allegations who made these statements, when they were made, and the content of the misrepresentation. Their allegations lack specificity, "precision and some measure of substantiation" required by Rule 9(b) and fail to state a claim.[64] We dismiss their RICO claim without prejudice. We do not see how they could plead a racketeering claim for conduct after the 2014 state court judgment, but we will allow Hua and Mu leave to amend the RICO claim if they can do so in good faith.

### III.   Conclusion

Hua and Mu's most recent litigation tact in this Court does not revive their claims challenging the 2014 state court foreclosure judgment. Their claims based on facts pre-dating the state court judgment are barred by *Rooker-Feldman*, *res judicata* and, to the extent they now raise federal statutory claims, by the inapplicability of the federal statutes to their

commercial/investment property. We grant Defendant's motion to dismiss these claims with prejudice.

We also grant Defendant's motion to dismiss Hua and Mu's breach of contract and racketeering claims for failure to state a claim without prejudice to timely filing an amended complaint consistent with this Memorandum, if possible under their Rule 11 good faith obligations.

---

[1] Complaint at ¶ 2.B (ECF Doc. No. 1).

[2] *Id.* at ¶ 2.A.

[3] ECF Doc. No. 8-1 at Exhibit ("Ex.") A. Defendants filed a motion for judicial notice in support of their motion to dismiss. ECF Doc. No. 8. Defendants attach eight (8) documents: the mortgage (Exhibit A); assignment of mortgage (Exhibit B); complaint in foreclosure (Exhibit C); a second assignment of mortgage (Exhibit D); praecipe for substitution of party (Exhibit E); judgment order in foreclosure (Exhibit F); Philadelphia County Court of Common Pleas docket entries (Exhibit G); and Petition to Open Judgment and Dismiss Case (Exhibit H). Plaintiffs did not file an opposition to the motion for judicial notice. We granted Defendants' motion for judicial notice. ECF Doc. No. 22.

[4] ECF Doc. No. 1 at ¶¶ 2.K, L.

[5] *Id.* at ¶¶ 2.D, E.

[6] *Id.* at ¶¶ 2.E, F. The complaint fails to allege which of the "Defendants" they contacted to work out a loan modification and which "Defendants" made representations it would extend a loan modification, failed to respond to the applications, and ultimately denied the applications.

[7] U.S. Bank is a Defendant in its capacity as trustee for "Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-7N" and as trustee for the "Certificateholders of LXS 2007-7N Trust Fund." *Id.* at ¶¶ 2.C, E. MERS assigned the mortgage to U.S. Bank as trustee for the trust fund. *Id.* at ¶ 2.P and ECF Doc. No. 8-1 at Ex. B.

[8] ECF Doc. No. 1 at ¶¶ 2.G, H, J.

[9] *Id.* at ¶¶ 2. J, K.

[10] *Id.* at ¶¶ 2.K, L.

[11] *Id.* at ¶¶ 2.L, O.

[12] *Id.* at ¶ 2.X; ECF Doc. No. 8-1 at Ex. C.

[13] ECF Doc. No. 8-2 at Ex. D. On May 28, 2013, U.S. Bank filed a praecipe to substitute "Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-7N, U.S. Bank National Association, as Trustee" for "U.S. Bank National Association as Trustee for the Certificate holders of LXS 2007-7N Trust Fund" in the Philadelphia County Court of Common Pleas foreclosure action. ECF Doc. No. 8-2 at Ex. E.

[14] ECF Doc. No. 1 at ¶¶ 2.R-W. Hua and Mu failed to file proof of timely service upon Defendant Specialized Loan Servicing, LLC. We ordered Hua and Mu to show cause by September 22, 2017 why Specialized Loan Servicing, LLC should not be dismissed for lack of prosecution. ECF Doc. No. 23. Hua and Mu failed to respond to our order. We dismissed Specialized Loan Servicing, LLC for lack of prosecution. ECF Doc. No. 24.

[15] ECF Doc. No. 8-2 at Ex. F.

[16] *Id.* at Ex. G, p. 30.

[17] *Hua v. U.S. Bank Nat'l Assoc., et al.*, No. 14-6767.

[18] 15 U.S.C. § 1692.

[19] *Id.*, 2015 WL 1071606, at *3 (E.D. Pa., Mar. 11, 2015). Judge Savage's dismissal of Hua's Fair Debt claim under *Rooker-Feldman* is *res judicata* at least as to U.S. Bank on the same claim here. Judge Savage's Order dismissing Hua's FDCPA claims is a final judgment on the merits; involving the same parties – Hua and her husband, Mu, and U.S. Bank; and the FDCPA claims in this action are based on the same claims as in the earlier action. As a result, *res judicata* bars the FDCPA claims here.

[20] *Id.* at Ex. G, p. 30-31.

[21] *Id.* at Ex. G, p. 32-33.

[22] *Id.* at Ex. G, p. 35. The August 2, 2016 Sheriff's sale was again postponed to September 13, 2016. *Id.*

[23] *Id.* at Ex. G, p. 35.

[24] *Id.* at Ex. G, p. 37-38; Ex. H.

[25] ECF Doc. Nos. 1, 2.

[26] ECF Doc. No. 3. *Younger v. Harris*, 401 U.S. 37 (1971). Judge O'Neill applied *Younger* abstention to deny Hua and Mu's temporary restraining order and emergency injunction rather than the *Rooker-Feldman* doctrine. Hua and Mu raised the *Rooker-Feldman* issue, arguing the doctrine does not apply where a state court judgment is procured by fraud. Judge O'Neill applied

the three part *Younger* test explaining the first prong of *Younger* (ongoing state proceedings involving the would-be federal plaintiffs that are judicial in nature) is met because Hua and Mu admitted a pending state court proceeding involving the Property. *See* ECF Doc. No. 3 at 4. As more fully explained below, there is no pending state court proceeding at this time, and we will apply a *Rooker-Feldman* doctrine analysis.

[27] ECF Doc. No. 8-2 at Ex. G, p. 39.

[28] Defendants challenge our jurisdiction under Rule 12(b)(1). Rule 12(b)(1) motions fall into two categories; a facial or factual attack to jurisdiction. A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Davis*, 824 F.3d at 346 (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). When a factual challenge is made, there is no presumption of truthfulness attached to the plaintiff's allegations. *Davis*, 824 F.3d at 346 (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Defendants appear to make a factual attack, arguing the *Rooker-Feldman* doctrine deprives us of subject matter jurisdiction "over many" of Hua and Mu's claims. *See* ECF Doc. No. 20 at 2.

[29] In deciding a motion to dismiss under Rule 12(b)(6), we accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party, but we "are not compelled to accept unsupported conclusions and unwarranted inference, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Edinboro Coll. Park Apartments v. Edinboro Univ. Found.*, 850 F.3d 567, 572 (3d Cir. 2017) (quoting *In re Vehicle Carrier Serv. Antitrust Litig.*, 846 F.3d 71, 79 n.4 (3d Cir. 2017)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Maiden Creek Assoc., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an

entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[30] So named after two Supreme Court cases: *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[31] *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 164 (3d Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[32] *Gray v. Martinez*, 465 F.App'x 86, 88 (3d Cir. 2012) (citing *Great W. Mining & Mineral Co.*, 615 F.3d at 167).

[33] *Great W. Mining & Mineral Co.*, 615 F.3d at 166 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284)).

[34] *Id.* at 170-71.

[35] *Great W. Mining & Mineral Co.*, 615 F.3d at 166.

[36] ECF Doc. No. 1 at ¶ 2.K.

[37] ECF Doc. 1 ¶ 2.BB.

[38] *Puche v. Wells Fargo N.A.*, No. 16-5195, 2017 WL 2684547 (D.N.J. June 22, 2017). In *Puche*, the plaintiff homeowners alleged the defendant mortgage loan servicer failed to properly review and investigate errors made in the evaluation of the homeowners' loan modification application in violation of RESPA. The court found *Rooker-Feldman* did not apply because the court could not infer the homeowners' federal claims were already litigated in state court and homeowners' federal claims are not "inextricably intertwined" with the state court foreclosure action. *Id.* at *3-5. The court found homeowners sought damages for violations of RESPA and, if awarded, would not render the state court's judgment ineffectual or implicate the validity of the foreclosure judgment. *Id.* at *4. Although it concluded the *Rooker-Feldman* doctrine did not bar Puche's claims, the court found New Jersey's entire controversy rule barred Puche from raising claims in the federal court action that should have been raised in the earlier state court proceeding. *Id.* at *5-6.

[39] *Bracey v. Huntingdon Cnty.*, No. 15-3127, 2017 WL 2787619 (3d Cir. June 27, 2017) (per curiam decision reversing district court's dismissal on the *Rooker-Feldman* doctrine, relying on *Great Western Mining & Mineral Co.*).

[40] *See* ECF Doc. No. 1 at ¶¶ 31-35.
[41] *Campbell v. Tabas*, No. 16-6513, 2017 WL 3142118 at *3-4 (E.D. Pa. July 25, 2017).

[42] *Rhodes v. US Bank Nat'l Ass'n*, 238 F.Supp.3d 648, 651 (E.D. Pa. 2017) (quoting *Duhaney v. Attorney Gen. of the U.S.*, 621 F.3d 340, 347 (3d Cir. 2010)).

[43] *Keyser v. Stern & Eisenberg PC*, 238 F.Supp.3d 721, 722 (E.D.Pa., 2017) (quoting *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006)).

[44] ECF Doc. No. 8-1 at Ex. A, p. 20. The assignment of rents deleted Section 6 of the mortgage requiring the borrower's occupancy of the Property. *See* ECF Doc. No. 8-1 at Ex. 1 p. 21. The "Occupancy" clause of the mortgage required the borrower to "occupy, establish, and use the Property as Borrower's principal residence within 60 days after execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy . . . ." *Id.* at p. 9.

[45] 15 U.S.C. § 1601.

[46] 15 U.S.C. § 1602(i).

[47] 15 U.S.C. § 1603(1).

[48] 12 U.S.C. § 2606(a); *Taggart v. Wells Fargo Home Mortg., Inc.*, 563 F. App'x 889, 892 (3d Cir. 2014).

[49] 12 C.F.R. § 1024.5(a).

[50] 12 C.F.R. § 1024.5(b)(2).

[51] 12 C.F.R. Pt. 226, Suppl. I, § 226.3, Cmt. 4. *See Johnson v. Wells Fargo Mortg., Inc.*, 635 F.3d 401, 417 (9th Cir. 2011) (applying Official Staff Commentary interpretation of non-owner-occupied rental property to loan, finding RESPA did not apply); *see also Taggart*, 563 F.App'x at 892 (UTPCLP claim based on RESPA and TILA violations fail because statutes do not apply to financed rental property); *St. Hill v. Tribeca Lending Corp.*, 403 F.App'x 717, 720 (3d Cir. 2010) (TILA and UTPCPL applies only to credit offered or extended to a consumer primarily for personal, family, or household purposes); *Hinchliffe v. Option One Mortg. Corp.*, No. 08-2094, 2009 WL 1708007 at *3-4 (E.D. Pa. June 16, 2009) (same).

[52] 15 U.S.C. § 1692(e).

[53] 15 U.S.C. § 1692a.

[54] *Lyon Fin. Servs., Inc. v. Woodlake Imaging, LLC*, No. 4-3334, 2005 WL 331695 at * 6 (E.D. Pa. Feb. 9, 2005) (quoting *Staub v. Harris*, 626 F.2d 275, 278 (3d Cir. 1980)). *See also, Akinfaderin-Abua v. Dimaiolo*, No. 13-3451, 2014 WL 345690 at *3 (D.N.J. Jan. 30, 2014) (collecting cases) (dismissing FDCPA claim for failing to allege defendants are debt collectors under the FDCPA and debt falls within the act).

[55] Although Count 3 is styled as a claim under Pennsylvania's UTPCPL, Hua and Mu allege "Defendants" violated the New Jersey Consumer Fraud Act and New Jersey common law. There are no allegations explaining why New Jersey law applies. The Property is located in

Philadelphia and U.S. Bank as trustee for the Trust Fund brought the foreclosure action in Philadelphia.

[56] 73 P.S. § 201-9.2.

[57] *Gorski v. Smith*, 812 A.2d 683, 692 (Pa. Super. 2002) (citing *Corestates Bank v. Cutillo*, 723 A.2d 1053, 1058 (Pa.Super.1999)).

[58] 18 U.S.C. § 1343.

[59] 18 U.S.C. § 1962(c).

[60] *Coleman v. Commonwealth Land Title Ins. Co.*, 684 F.Supp. 2d 595, 608-09 (E.D. Pa. 2010) (quoting *Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 364 (3d Cir. 2003)).

[61] *Coleman*, 684 F.Supp. 2d at 609 (citing 18 U.S.C. §1961(5)).

[62] Fed. R. Civ. P. 9(b).

[63] *Ne. Revenue Servs., LLC v. Maps Indeed, Inc.*, 685 F. App'x 96, 102 (3d Cir. 2017) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004), *abrogated in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

[64] *Ne. Revenue Servs., LLC*, 685 F.App'x at 102.