# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TRACY HUA, *et al* | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | NO. 17-1457 |
| LEHMAN XS TRUST MORTGAGE | : | |
| PASS-THROUGH CERTIFICATES, | : | |
| SERIES 2007-7N, U.S. BANK | : | |
| NATIONAL ASSOCIATION, AS | : | |
| TRUSTEE, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                      **November 14, 2017**

On September 25, 2017, we dismissed the borrowers' lender liability case but granted leave to amend if the borrowers could plead a racketeering or breach of contract claim based on facts arising after the state court foreclosure judgment guided by our opinion. The borrowers instead elected to repeat almost the same racketeering and contract allegations, marking their third federal complaint challenging a state court foreclosure judgment and we in turn, repeat our findings dismissing the complaint:

> After losing a trial in the state court and an earlier case here, two real estate borrowers now again sue their lenders after defaulting on a mortgage on their investment property. They challenged the default and foreclosure judgment before the state court. Though displeased with their losses, they did not appeal in the state courts. Instead, they filed here in 2015 and our colleague Judge Savage dismissed their duplicative claims. After returning to state court and obtaining multiple delays, the Sheriff sold their investment property earlier this year. They now return to us again challenging conduct after the state court judgment although almost all of their facts are resolved by the 2014 final state court judgment addressed by Judge Savage... They also fail to allege a breach of contract or racketeering claim not otherwise barred by *res judicata.*[1]

Given our leave to amend to plead claims after the foreclosure judgment, the borrowers added a quiet title claim over which we decline to exercise supplemental jurisdiction. The borrowers

have tried three times to challenge foreclosure conduct. They have not plead a cognizable claim. In the accompanying Order, we dismiss the borrowers' third effort with prejudice.

I.  **Pleaded Facts**

Tracy Hua and Chi Hung Mu granted a mortgage to Countrywide Bank FSB to secure a loan on their property on March 19, 2007.[2] Countrywide then promptly assigned their mortgage through the Mortgage Electronic Registration Systems, Inc. (MERS) to record the proper holder of their assigned mortgage through a trust created by the now departed Lehman Bros.

Tracy Hua and Chi Hang Mu defaulted on the loan in February 2011.[3] Defendant U.S. Bank National Association as Trustee for the Certificateholders of LXS 2007-7N Trust Fund (U.S. Bank)[4] filed a foreclosure action against Ms. Hua and Mr. Mu in state court.[5] The state court foreclosure proceedings concluded with an *in rem* judgment entered in favor of U.S. Bank on July 2, 2014.[6] Hua and Mu did not appeal from the judgment order.

On October 30, 2014, the Court of Common Pleas issued a writ of execution on the Property.[7] Less than a month later, Hua sued U.S. Bank and other defendants in this District.[8] Hua argued the same facts alleged here constituted violations of the Fair Debt Collections Practices Act ("FDCPA")[9] and sought "actual damages in the amount of value" of the Property and other damages. Judge Savage dismissed Hua's action under the *Rooker-Feldman* doctrine, finding Hua complained of injury caused by the state court foreclosure judgment: "To grant Hua relief, we would have to reject the state court judgment. After a trial, judgment was entered against her. The state court determined that the mortgage was in default and assessed the amount owed. It also concluded that the mortgage was valid and the plaintiff, Lehman XS, with U.S. Bank as trustee, had the right to foreclose on the mortgage. We cannot review the state court judgment. Nor can we reject it. . . . ."[10]

2

After the foreclosure judgment, the sheriff sold the property earlier this year.[11] Ms. Hua and Mr. Mu then again sued assignees of their mortgage and related parties,[12] alleging: fraud in violation of Regulation Z; violation of the Fair Debt Collection Practices Act; violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law; breach of contract; wire fraud; and violation of the Real Estate Settlement Procedures Act.[13]

As did Judge Savage, we dismissed the second attempt under the doctrines of *Rooker-Feldman* and *res judicata* but provided Ms. Hua and Mr. Mu "one last leave, if possible in good faith, to plead a breach of contract or racketeering claim arising after the 2014 judgment with specificity."[14] Ms. Hua and Mr. Mu filed an amended complaint (their third challenge to the foreclosure) again alleging breach of contract and racketeering but adding a new claim to quiet title.[15]

## II. Analysis

Defendants move to dismiss Ms. Hua and Mr. Mu's amended complaint arguing: (1) the racketeering and contract claims are still barred by the *Rooker-Feldman* doctrine and the *res judicata* effect of the 2014 state court judgment; (2) they still fail to allege facts against Countrywide and Mortgage Electronic Registration Systems; (3) the breach of contract and quiet title claims are insufficiently plead; (4) the Racketeer Influenced and Corrupt Organizations Act ("RICO") wire fraud claim lacks requisite specificity and elements; and (5) Ms. Hua and Mr. Mu did not ask and we did not provide leave to amend to include the additional quiet title claim.

Even if Ms. Hua and Mr. Mu properly plead claims for breach of contract and quiet title, we must dismiss for lack of subject matter jurisdiction. Subject matter jurisdiction may be challenged by "either a facial or a factual attack."[16] When addressing a facial attack to subject

3

matter jurisdiction, we need not look to the facts alleged in the complaint, but "a factual challenge, attacks the factual allegations underlying the complaint's assertion of jurisdiction."[17] We may consider evidence outside the pleadings when addressing a factual challenge.[18] Ms. Hua and Mr. Mu bear the burden of proving subject matter jurisdiction.[19]

### A. The *Rooker-Feldman* doctrine divests us of jurisdiction over claims relating to the state court judgment.

We are prohibited from exercising jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[20] Only our United States Supreme Court may sit in review of a final state court judgment.[21] The *Rooker-Feldman* doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments;' (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."[22]

Ms. Hua and Mr. Mu are once again asking us to review and reject the 2014 *in rem* judgment order entered by the state court before filing this case.[23] The first and third elements of *Rooker-Feldman* are satisfied because Ms. Hua and Mr. Mu lost in a state court action when the state court entered an *in rem* judgment in foreclosure against them on July 2, 2014, which pre-dates the filing of this action. When considering if the state court's judgment caused the alleged injuries, "[a] useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings."[24]

We previously held the *Rooker-Feldman* doctrine bars Ms. Hua and Mr. Mu's allegations "Defendants denied Hua and Mu accounting statements and payment histories to resolve

questions surrounding the amount of monthly payments" because "[c]laims based on these allegations challenge the validity of the July 2014 state court foreclosure judgment."[25] We also concluded their allegation is based on conduct before the state court judgment.[26] Ms. Hua and Mr. Mu plead these identical facts for breach of contract in their amended complaint.[27]

Ms. Hua and Mr. Mu's quiet title claim is also barred by the *Rooker-Feldman* doctrine. In *Pagano v. Ventures Trust 2013-I-HR*, the court dismissed an action to quiet title for lack of subject matter jurisdiction because the allegations "complain[s] of harm caused by the state court mortgage foreclosure action."[28] In *Pagano*, the plaintiff brought the quiet title action to claim a property and enjoin the defendants from asserting their rights to the property "in light of the foreclosure judgment" in the state court.[29] Our court of appeals similarly held the *Rooker-Feldman* doctrine barred a federal district court from setting aside a state court foreclosure judgment and entering quiet title in the complaining party's favor because "the requested federal relief would necessarily imply that the Superior Court's decision was erroneous."[30]

Ms. Hua and Mr. Mu challenge the July 2, 2014 state court foreclosure judgment and subsequent Sheriff's Sale of the property. We cannot exercise subject matter jurisdiction over the quiet title claim.

### B. *Res judicata* bars revisiting all claims decided in the state court judgment.

Defendants argue the breach of contract and quiet title claims are barred by *res judicata*. *Res judicata* is "intended to ensure the finality of judgments and prevent repetitive litigations."[31] A claim is precluded under the *res judicata* doctrine when there exists: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Res judicata* applies to both actually litigated claims and "claims which could have been litigated during the first proceeding if they were part of the same

5

cause of action."³² To determine if Ms. Hua and Mr. Mu bring an identical cause of action as they litigated in state court, we examine whether the parties complain of the same acts and demand the same relief, if the material facts alleged are identical, if the plaintiffs propose an identical theory of recovery, and if the witnesses and documents necessary for trial are the same.³³

Ms. Hua and Mr. Mu's breach of contract and quiet title claims are based on Defendants' alleged improper conduct during the foreclosure process, which resulted in a July 2, 2014 final judgment in state court. Ms. Hua and Mr. Mu could have raised their claims challenging the foreclosure process during the state court action and are now barred from relitigating their claims under res judicata.

### C. Even if *Rooker-Feldman* and *res judicata* did not bar these claims, Ms. Hua and Mr. Mu fail to state a claim.

We are limited to the facts alleged in the amended complaint and its attachments when deciding a Rule 12(b)(6) motion³⁴ and must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party."³⁵ The allegations "must be enough to raise a right to relief above the speculative level" in order to survive a motion to dismiss.³⁶ A complaint "must contain sufficient factual allegations so as to state a facially plausible claim for relief."³⁷ A complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."³⁸ We are not required "to accept as true a legal conclusion couched as a factual allegation."³⁹ "[A] case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations."⁴⁰

6

### 1. Ms. Hua and Mr. Mu do not allege breach of contract.

Ms. Hua and Mr. Mu again fail to allege a breach of contract in their amended complaint. They plead the "Defendants" breached "the contractual terms of the loan/note by engaging in deceptive and fraudulent practices," using the same verbiage alleged in their original complaint.[41]

To allege breach of contract in Pennsylvania, Ms. Mua and Mr. Mu must plead: (1) the existence of an agreement and its essential terms; (2) a breach of duty created by the agreement; and (3) resultant damages.[42] Ms. Mua and Mr. Mu must demonstrate "a causal connection between the breach and the loss" to recover damages for breach of contract.[43]

Ms. Mua and Mr. Mu now plead the identical breach of contract claim we previously dismissed.[44] Their claims concern conduct occurring before the July 2, 2014 judgment; Ms. Mua and Mr. Mu fail to allege if there is a new contract, its essential terms, breach, and damages. They fail to plead a breach of contract claim.

### 2. Ms. Hua and Mr. Mu do not allege racketeering.

Ms. Hua and Mr. Mu again fail to allege racketeering in their amended complaint. They again plead "Defendants" engaged "in deceptive and fraudulent practices, to wit: the deceptive, fraudulent and unlawful taking, theft and attempted conversion of Plaintiffs' property" in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), including a wire fraud offense.[45]

To plead a civil RICO claim,[46] Ms. Hua and Mr. Mu must allege "a 'person' employed by or associated with an enterprise engaged in…' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"[47] A "pattern of racketeering activity requires at least two acts of racketeering" and wire fraud constitutes racketeering activity.[48]

7

To plead fraud as the basis for a RICO violation, Ms. Hua and Mr. Mu must plead with the particularity required by Fed. R. Civ. P. 9(b). Under Fed. R. Civ. P. 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[49] Rule 9(b)'s particularity requirement is satisfied "by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud'" and "also must allege who made a misrepresentation to whom and the general content of the misrepresentation."[50]

Ms. Hua and Mr. Mu plead the identical racketeering claim we previously dismissed. They once again fail to comply with Rule 9(b)'s requirements.[51] They fail to allege a date, place, or time of any post-2014 wire fraud. Ms. Hua and Mr. Mu allege "on various" unidentified "occasions," "Defendants indicated" they would extend a loan modification.[52] They again fail to allege when these statements were made, who made them, and the content of the misrepresentation. We dismiss this claim.

### 3. Ms. Hua and Mr. Mu may not allege a quiet title claim here.

Ms. Hua and Mr. Mu included an additional claim for quiet title to their amended complaint without asking for or being granted leave to amend.[53] Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.[54] The court should freely give leave when justice so requires."[55] Granting leave to amend is "within the sound discretion" of this court.[56] In *Hamas v. Beckett Aviation Corp.*, the court did not permit the plaintiffs to introduce an additional Pennsylvania state law claim without moving to amend their complaint.[57]

We granted Ms. Hua and Mr. Mu "one last leave, if possible in good faith, to plead a breach of contract or racketeering claims arising after the 2014 judgment with specificity."[58] We

8

did not grant Ms. Hua and Mr. Mu leave to amend include an additional state law claim nor did they ask us to provide them leave to include the new claim. We will not permit Ms. Hua and Mr. Mu to include their quiet title claim.

Ms. Hua and Mr. Mu's remaining quiet title action arises under Pennsylvania law. Under 28 U.S.C.A. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[59] A district court "may decline to exercise supplemental jurisdiction over a claim" when "all claims over which it has original jurisdiction" are dismissed." In *Irish v. Ferguson*, the district court declined to exercise supplemental jurisdiction over the plaintiff's state law claims after it dismissed the RICO claim.[60] Once the federal claims are dismissed, we may decline to exercise supplemental jurisdiction over the remaining state claims under 28 U.S.C. § 1367(c)(3).[61] After we dismiss a claim we have original jurisdiction before trial, we "must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."[62]

The *Rooker-Feldman* and *res judicata* doctrines bar us from exercising jurisdiction over Ms. Hua and Mr. Mu's federal claim. Even if *Rooker-Feldman* and *res judicata* did not apply, Ms. Hua and Mr. Mu fail to plead a federal law claim under RICO. Absent a federal question, we decline to exercise supplemental jurisdiction over the remaining state law claim of quiet title.

### D. Ms. Hua and Mr. Mu fail to plead a claim against Mortgage Electronic Registration Systems or Countrywide.

Defendants argue the amended complaint fails to assert a claim against either Mortgage Electronic Registration Systems or Countrywide. We agree. Ms. Hua and Mr. Mu do not allege a fact showing Countrywide's or Mortgage Electronic Registration Systems's involvement in

9

their loan after the execution and recording of the original mortgage.[63] Ms. Hua and Mr. Mu allege they executed and delivered the mortgage to Countrywide on March 19, 2007.[64] They argue, "Defendants allege that an alleged assigned (sic) of mortgage was recorded on June 20, 2011 from 'MERS as Nominee for Countrywide' to 'U.S. Bank National Association as Trustee For Certificateholders of LXS 2007-7N Trust Fund."[65] They further allege, "the Original assignment is actually only from 'Mortgage Electronic Registration Systems, Inc.' (MERS) and not as a nominee."[66]

All of Ms. Hua and Mr. Mu's allegations regarding Countrywide and Mortgage Electronic Registration Systems relate to conduct occurring before the 2014 state court judgment and, as addressed above, are barred by *Rooker-Feldman* and *res judicata*.

## III. Conclusion

Ms. Hua and Mr. Mu's amended complaint once again attempts to challenge the 2014 state court foreclosure judgment. Their breach of contract and quiet title claims are based on facts pre-dating the July 2, 2014 state court judgment and the *Rooker-Feldman* and *res judicata* doctrines bar us from exercising jurisdiction over the previously litigated claims.

We also grant Defendants' motion to dismiss Ms. Hua and Mr. Mu's claims with prejudice. In our September 25, 2017 order, we granted Ms. Hua and Mr. Mu leave to amend the breach of contract and racketeering claims.[67] Ms. Hua and Mr. Mu plead the identical facts we previously dismissed for both the breach of contract and racketeering claims and still fail to state a claim.[68] We did not allow leave to include an additional claim for quiet title nor did they ask for leave. Even if we granted leave to amend to include the quiet title action, we decline to exercise supplemental jurisdiction over a claim to quiet title. We dismiss the amended complaint with prejudice.

[1] *Hua v. Lehman XS Trust Mortgage Pass-Through Certificates et al.,* No. 17-1457, 2017 WL 4240911, at *1 (E.D.Pa. Sept. 25, 2017).

[2] ECF Doc. No. 27, Background and Material Facts at ¶¶ 1-2.

[3] *Id.* at ¶ 6.

[4] ECF Doc. No. 8-2 at 6. U.S. Bank filed a praecipe for voluntary substitution of party plaintiff and substituted Lehman XS Trust Mortgage Pass- Through Certificates, Series 2007-7N, U.S. Bank National Association as Trustee.

[5] *Id.* at ¶ 24.

[6] ECF Doc. No. 8-2 at 13.

[7] *Id.* at Ex. G, p. 30.

[8] *Hua v. U.S. Bank Nat'l Assoc., et al.,* No. 14-6767.

[9] 15 U.S.C. § 1692.

[10] *Id.,* 2015 WL 1071606, at *3 (E.D. Pa., Mar. 11, 2015). Judge Savage's dismissal of Hua's Fair Debt claim under *Rooker-Feldman* is *res judicata* at least as to U.S. Bank on the same claim here. Judge Savage's Order dismissing Hua's FDCPA claims is a final judgment on the merits; involving the same parties – Hua and her husband, Mu, and U.S. Bank; and the FDCPA claims in this action are based on the same claims as in the earlier action. As a result, *res judicata* bars the FDCPA claims here.

[11] *Id.* at ¶ 26.

[12] The remaining parties are (1) Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-7N, U.S. Bank National Association, as Trustee; (2) Bank of America N.A.; (3) U.S. Bank National Association as Trustee for the Certificateholders of LXS 2007-7N Trust Fund; (4) Mortgage Electronic Registration Systems, Inc.; and (5) Countrywide Bank, FSB.

[13] ECF Doc. No. 1.

[14] *Hua,* at *1.

[15] ECF Doc. No. 27.

[16] *Davis v. Wells Fargo,* 824 F.3d 333, 346 (3d Cir. 2016).

[17] *Id.*

[18] *Id.*

[19] *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995).

[20] *Great W. Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 164 (3d Cir. 2010)(quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[21] 28 U.S.C. § 1257.

[22] *Great W. Mining & Mineral Co.*, 615 F.3d at 164.

[23] *Id.* at 170-71.

[24] *Great W. Mining & Mineral Co.*, 615 F.3d at 167.

[25] *Hua* at *4-5.

[26] *Id.* at 6.

[27] ECF Doc. No. 27, Count One at ¶¶ 1-4; ECF Doc. No. 1, Count Four at ¶¶ 17-20.

[28] *Pagano v. Ventures Trust 2013-I-HR*, No. 15-1489, 2016 WL 750272, at *4 (M.D. Pa. Jan. 22, 2016)

[29] *Id.*

[30] *Trapp v. AMS Serv., LLC*, 616 Fed. Appx. 46, 47 (3d Cir. 2015).

[31] *Tyler v. O'Neill*, 52 F.Supp.2d 471, 474 (E.D.Pa. 1999)(citing *Sendi v. NCR Comten, Inc.*, 624 F.Supp. 1205, 1206)(E.D.Pa. 1986)).

[32] *Keyser v. Stern & Eisenberg PC*, 238 F.Supp.3d 721, 722 (E.D.Pa. 2017)(quoting *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006)).

[33] *O'Leary v. Liberty Mut. Ins. Co.*, 923 F.2d 1062, 1065 (3d Cir. 1991)(citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)).

[34] *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994).

[35] *DeBenedictis v. Merrill Lynch & Co.*, 492 F.3d 209, 215 (3d Cir.2007)

[36] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[37] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)(citing *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir.2009)).

[38] *Id.* at 545.

[39] *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[40] *Jordan*, 20 F.3d at 1261 (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).

[41] ECF Doc. No. 27 at Count One, ¶ 2; ECF Doc. No. 1 at Count One, ¶ 2.

[42] *Guerra v. Redevelopment Auth. of City of Phila.*, 27 A.3d 1284, 1289 (Pa. Super. 2011)(citing *Gorski v. Smith,* 812 A.2d 683, 692 (Pa.Super. 2002)).

[43] *Logan v. Mirror Printing Co. of Altoona, Pa.*, 600 A.2d 225, 226 (Pa. Super. 1991).

[44] ECF Doc. No. 27 at Count One, ¶ 1-4.

[45] *Id.* at Count Two, ¶ 6.

[46] 18 U.S.C. § 1962(c).

[47] *Coleman v. Commonwealth Land Title Ins. Co.*, 684 F.Supp.2d 595, 608-09 (E.D. Pa. 2010)(quoting *Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 364 (3d Cir. 2003)).

[48] *Id.* at 609.

[49] Fed. R. Civ. P. 9(b).

[50] *Northeast Revenue Servs., LLC v. Maps Indeed, Inc.*, 685 F. App'x 96, 102 (3d Cir. 2017)(quoting *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004), abrogated in part on other grounds by *Twombly*, 550 U.S. at 557).

[51] ECF Doc. No. 1, Count Five at ¶¶ 21-27; ECF Doc. No. 27, Count Two at ¶¶ 5-11.

[52] ECF Doc. No. 27, Count Two at ¶ 9.

[53] *Id.*

[54] Fed. R. Civ. P. 15(a)(2).

[55] *Id.*

[56] *In re Mortg. Lenders Network, USA, Inc.*, 395 B.R. 871, 876 (D.Del. 2008).

[57] *Hamas v. Beckett Aviation Corp.*, 802 F.Supp. 1307, 1311 (W.D.Pa. 1992).

[58] *Hua*, at *1.

[59] 28 U.S.C.A. § 1367(a).

[60] *Irish v. Ferguson*, 970 F.Supp.2d 317, 368 (M.D.Pa. 2013).

[61] *Id.*

[62] *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir 2000)(quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

[63] ECF Doc. No. 28.

[64] ECF Doc. No. 27, Background Material Facts at ¶ 2.

[65] *Id.* at ¶ 6.

[66] *Id.* at ¶ 18.

[67] ECF Doc. No. 25 at 1.

[68] ECF Doc. No. 27 at Count One, ¶¶ 1-4; Count Two ¶¶ 5-11.